J-S27020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TERRY HALL | : | |
| | : | |
| Appellant | : | No. 3075 EDA 2016 |

Appeal from the PCRA Order August 22, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004620-2012

BEFORE: GANTMAN, P.J., OTT, J. and PLATT, J.[*]

MEMORANDUM BY OTT, J.: **FILED SEPTEMBER 19, 2017**

Terry Hall appeals *pro se* from the order entered August 22, 2016, in the Court of Common Pleas of Philadelphia County, that dismissed as untimely his first petition seeking relief pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.[1] Hall contends the PCRA court erred (1) in determining his petition was untimely, (2) in failing to acknowledge that trial counsel was ineffective for giving fraudulent and erroneous legal advice, (3) in failing to address issues of prosecutorial

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appointed counsel filed a ***Turner/Finley*** no merit letter and a motion to withdraw that was granted by the PCRA court on the same day that Hall's PCRA petition was dismissed. ***See Commonwealth v. Turner,*** 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley,*** 550 A.2d 213 (Pa. Super. 1988).

misconduct, and (4) in failing to recognize that he is serving an illegal sentence. Based upon the following, we affirm.

The PCRA court summarized the background of this appeal:

> On March 7, 2014, [Hall] plead[ed] guilty to Burglary (18 Pa.C.S.A. § 3502(a)). On that date, [Hall] was sentenced to the negotiated sentence of seven (7) to fourteen (14) years of incarceration. [Hall] did not motion to withdraw his guilty [plea] or file a direct appeal. Therefore, his sentence became final on April 7, 2014.
>
> On November 17, 2015, [Hall] filed a *pro se* Post-Conviction Relief Act Petition. PCRA counsel was appointed to represent [Hall] and subsequently filed a "Finley" letter on July 14, 2016 stating that [Hall's] claims in the PCRA petition were without merit. A Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. § 907 was filed and sent to [Hall] on July 18, 2016. [Hall] filed a response with this court on August 11, 2016. The PCRA petition was formally dismissed on August 22, 2016. On that date counsel for [Hall's] PCRA matter was permitted to withdraw. [Hall] filed timely direct appeal on September 19, 2016. This court did not issue an Order pursuant to Pa.R.A.P. § 1925(b).

PCRA Court Opinion, 11/16/2016, at 1–2.

Preliminarily, we state our standard of review:

> "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'"***Commonwealth v. Taylor***, 620 Pa. 429, 67 A.3d 1245, 1248 (Pa. 2013) (quoting ***Commonwealth v. Rainey***, 593 Pa. 67, 928 A.2d 215, 223 (Pa. 2007)).

***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283-1284 (Pa. 2016).

"It is well-settled that the PCRA's time restrictions are jurisdictional in nature." ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). A PCRA petition must be filed within one year of the date the judgment

becomes final. *See* 42 Pa.C.S. § 9545(b)(1). Under the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

There are three statutory exceptions to the PCRA's timeliness provisions that allow for limited circumstances under which an otherwise untimely PCRA petition may be reviewed. To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Furthermore, a petitioner invoking a timeliness exception must file a petition within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Here, as the PCRA court correctly recognized, Hall's judgment of sentence became final on Monday, April 7, 2014, after the expiration of the 30-day appeal period for the sentence imposed on March 7, 2014. *See* 42

Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). **See also** 1 Pa.C.S. § 1908 ("Computation of time"). Therefore, applying the PCRA's one year time limitation, Hall had until April 7, 2015, to file a timely PCRA petition. Accordingly, in this case, there is no jurisdiction to review the present petition, which was filed on November 17, 2015, unless a timeliness exception applies. **See** 42 Pa.C.S. 9545(b)(1)(i)-(iii). Hall asserts that all three of the PCRA's timeliness exceptions apply.

By way of background, Hall's written guilty plea indicated his case was a "possible 3rd strike case" and that he faced up to life imprisonment. Written Guilty Plea, 3/7/2014. **See** 42 Pa.C.S. § 9714(a) ("Sentences for second and subsequent offenses"; "Mandatory sentence"). However, Hall entered into a negotiated guilty plea and received a sentence of seven to 14 years' incarceration.

The PCRA court opined:

> [Hall] essential[ly] pleads that he did not knowingly enter into his guilty plea because he was told that a conviction could possibly classify him as a third strike offender. However, 42 Pa.C.S.A. § 9714 is still valid and has not been ruled unconstitutional or preempted. Based solely on these contentions, none of the three exceptions to the timeliness requirement have been met.

PCRA Court Opinion, 11/16/2016, at 2. We agree with the PCRA court's determination. Below, we address each of Hall's arguments.

First, Hall claims his petition satisfies the after-discovered evidence exception, 42 Pa.C.S. § 9545(b)(1)(ii). Hall states:

- 4 -

As a result of erroneous legal advice from three (3) [attorneys] assigned to [Hall's] case, advising [Hall] that ***Commonwealth v. Armstrong***, 74 A.3d 2[2]8 ([Pa. Super.] 2013) [holding the defendant should not have been sentenced as a three-strike offender pursuant to 42 Pa.C.S. § 9714(a)(2) where he did not have the opportunity to reform between his first and second convictions] did not apply to [his] case, coerced and convinced [Hall] into pleading guilty, to avoid a[n] **<u>illegal</u>** third strike sentence of 25-life. This fraudulent and erroneous legal advice caused [Hall] **<u>irreparable harm</u>** in a **<u>Timely</u>** filing of his PCRA Petition. As a result of malicious erroneous ineffective counsel, induced [Hall] into pleading under fraudulent indictment information, and based on deception and trickery.

****

Around/or about September 2015, [Hall] attended a legal seminar held [] at SCI-Houtzdale. At this seminar [Hall] attended, [Hall] was informed that within accordance to ***Alleyne v. United States***, [133 S. Ct. 2151,] 186 [L.Ed. 2d] 314 (2013),[2] which is supported by and cited in [the] ***Commonwealth v. Armstrong,*** [***supra,***] decision, … that [Hall] could not be **<u>not</u>** be [sic] **<u>deemed</u>** a third strike offender absent prior convictions and sentences as a 1-2nd strike offender. To further affirm what became known to [Hall] at the seminar he attended, around/or about September 2015, [Hall] read an article in the Philadelphia Daily News Paper, that informed [Hall] that the Court[] has ruled Mandatory three strike sentences

---

[2] In ***Alleyne***, the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" and found beyond a reasonable doubt. ***Alleyne***, 133 S. Ct. at 2155.

Following ***Alleyne***, our courts have declared numerous Pennsylvania mandatory minimum sentencing statutes unconstitutional. ***See Commonwealth v. Washington***, 142 A.3d 810, 812 (Pa. 2016) ("The effect [of ***Alleyne***] was to invalidate a range of Pennsylvania sentencing statutes predicating mandatory minimum penalties upon non-elemental facts and requiring such facts to be determined by a preponderance of the evidence at sentencing.").

[are] unconstitutional absent prior strike offenses. This information was not known to [Hall] prior to sentencing.

Hall's Brief at 12 (emphasis and underlining in original).

Hall also relies on the timeliness exception for a newly recognized constitutional right that has been held to apply retroactively. 42 Pa.C.S. § 9545(b)(i)(iii). In support of this exception, Hall asserts: "The fact that [Hall] is alleging is that he is serving a[n] **illegal sentence** as a result of ineffective counsel and interference by the District Attorney for failing to disclose that [Hall] was not a three strike offender." Hall's Brief at 14 (emphasis and underlining in original).

Finally, Hall cites the governmental interference exception, 42 Pa.C.S. § 9545(b)(b)(i). Hall alleges the District Attorney gave him "misleading information" when "she told [Hall] that he would be prosecuted as a third strike offender." Hall's Brief at 15. He argues, "Had [Hall] been told that he could not be sentence[d] as a third strike offender, he would not have plead[ed] guilty to avoid a 25-life [sentence]." *Id.* All of Hall's claims fail to warrant relief.

With regard to Hall's argument that the after-discovered timeliness exception applies, it is well settled that an allegation of trial counsel's ineffectiveness does not constitute a newly discovered fact for purposes of Section 9545(b)(1)(ii). *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 786 (Pa. 2000) (holding claim that PCRA counsel's ineffectiveness was after-discovered fact will not establish jurisdiction under section

9545(b)(1)(ii)); *see also Commonwealth v. Breakiron*, 781 A.2d 94, 100 (Pa. 2001). Therefore, Hall's claim of counsel's ineffectiveness based upon the information he learned at the seminar regarding the *Alleyne* decision cannot satisfy this exception. Furthermore, because *Alleyne* is a judicial decision, it is not a "fact" that satisfies 42 Pa.C.S. § 9545(b)(1)(ii). *See Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013) ("Our Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)."). *See also Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011) (judicial decision does not qualify as an exception under section 9545(b)(1)(ii)). Therefore, Hall cannot rely on Section 9545(b)(1)(ii).

Next, Hall's claim of governmental interference by the prosecutor misapprehends the holding of *Alleyne*. Contrary to Hall's apparent argument, *Alleyne* does not apply to prior convictions. *See Commonwealth v. Reid*, 117 A.3d 777, 784–785 (Pa. Super. 2015) ("*Alleyne* did not overturn prior precedent that prior convictions are sentencing factors and not elements of offenses. Section 9714 increases mandatory minimum sentences based on prior convictions. Accordingly, this section is not unconstitutional under *Alleyne*." (citations omitted)). *See also Commonwealth v. Bragg*, 133 A.3d 328, 333 (Pa. Super. 2016),

*appeal granted in part*, 143 A.3d 890 (Pa. 2016).[3]    Furthermore, it is apparent that Hall was aware of the sentencing issue with respect to his prior convictions, and Hall, through counsel, was aware of **Alleyne**, cited in **Armstrong, supra**.    Therefore, there was no governmental interference that would satisfy Section 9545(b)(1)(i).

Finally, with regard to Section 9545(b)(1)(iii), **Alleyne** was decided **before** Hall entered into his negotiated guilty plea.  Even if **Alleyne** affected Hall's case, which it does not, this Court has held that **Alleyne** does not apply when the claim is raised in an untimely PCRA petition. Our Supreme Court has held that **Alleyne** does not apply retroactively to cases on collateral review. **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016).   Therefore, Hall's reliance on **Alleyne** to satisfy the constitutional right exception is misplaced.

Accordingly, based upon the foregoing, we conclude Hall has failed to satisfy any exception to the PCRA's statutory exceptions to overcome the untimeliness of his first PCRA petition.  Therefore, as neither the PCRA Court nor this Court have jurisdiction to review Hall's petition, we affirm.

Order affirmed.  All outstanding motions dismissed.

---

[3] On August 4, 2016, the Pennsylvania Supreme Court granted allowance of appeal in **Bragg,** and two other cases to examine the constitutionality of section 9714 in light of **Alleyne**. **See Bragg**, 143 A.3d 890 (Pa. 2016).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2017